**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**BRIAN SMITH** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 3:26-cv-161-MPM-JMV**

**HUNTINGTON BANK, N.A., ET AL.** **DEFENDANTS**

**ORDER DENYING MOTION TO STAY PROCEEDINGS AND FOR RETROACTIVE EXTENSION OF TIME TO EFFECT SERVICE AS MADE, GRANTING, INSTEAD, ONLY A 45-DAY PERIOD OF TIME TO PERFECT SERVICE**

This matter is before the Court on *pro se* Plaintiff Brian Smith's Motion to Stay Proceedings and for Retroactive Extension of Time to Effect Service Pending Resolution of Related State Court Appeals [Doc. 6]. The Court finds that the Motion is in violation of the Local Uniform Civil Rules, the Federal Rules of Civil Procedure, and otherwise fails to justify an indefinite stay of this case, including service of process, pending some unknown date of potential resolution of two state court appellate proceedings.[1] Therefore, it is denied as made. However, the Court will grant a limited 45-day extension of the deadline for service, as set forth below.

On September 21, 2026, Plaintiff filed his Motion titled "Motion to Stay Proceedings and for Retroactive Extension of Time to Effect Service Pending Resolution of Related State Court Appeals" [Doc. 6]. In the Motion, Plaintiff cites case law and includes arguments of law in support of his Motion. Pursuant to L.U. Civ. R. 7(b)(2)(B), a motion "may contain only the grounds for

[1] Though it is not entirely clear, to the extent Plaintiff suggests that he does not have a justiciable controversy ripe for resolution here unless and until some unspecified result or finding is made in one or both the referenced state court appellate proceedings, it would appear that he does not presently have standing to pursue this action in this Court. In other words, it is not ripe, and this Court would not have jurisdiction. *See Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) ("Since standing and ripeness are essential components of federal subject-matter jurisdiction, the lack of either can be raised at any time by a party or by the court"); *Trump v. New York*, 592 U.S. 125, 131 (2020) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)) ("[T]he case must be 'ripe'—not dependent on 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"). Accordingly, should Plaintiff persist in pursuing this case before this Court, the undersigned will require him to show a basis for federal jurisdiction, failing which the undersigned will recommend its dismissal.

the request and may not contain legal argument or citations to case law or other secondary authority." Additionally, Plaintiff's Motion is six (6) pages long. Pursuant to L.U. Civ. R. 7(b)(2)(B), "[o]ther than discovery motions under Rule 37, a motion may not exceed four pages." Furthermore, under L.U. Civ. R. 7(b)(2), "[c]ounsel must file a memorandum brief as a separate docket item from the motion or response to which it relates and must not make the memorandum brief an exhibit to a motion or response." While the Court typically affords pro se litigants in federal court some leniency in terms of strict compliance with the applicable rules of civil procedure, pro se litigants are nevertheless required to adhere to the applicable rules. *See, e.g.*, *United States v. Jenkins*, 780 F.2d 518, 520 (5th Cir. 1986); *United States v. Fields*, 483 F.3d 313, 359 (5th Cir. 2007); *Jones v. FJC Sec. Servs.*, 612 Fed. Appx. 201, 203 (5th Cir. 2015).

In addition, as to the relief requested, Plaintiff has filed his Motion seeking an indefinite stay of service of process (and of the case) after the deadline for service has already passed. Fed. R. Civ. P. 4(m) sets forth the following:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff filed his initial Complaint [Doc. 1] on June 15, 2026, yet he did not file a motion to extend the deadline for service until September 21, 2026. The filing of the First Amended Complaint does not affect the timing for service because no new parties were added in the amendment. Therefore, more than 90 days elapsed prior to Plaintiff filing his Motion. Finally, the Court does not find that extending the time for service for the indefinite period Plaintiff is requesting satisfies the requirements that the additional time requested be for a "specified time" and "an appropriate period." Fed. R. Civ. P. 4(m).

Accordingly, Plaintiff's Motion to Stay Proceedings and for Retroactive Extension of Time to Effect Service Pending Resolution of Related State Court Appeals [Doc. 6] is hereby **DENIED AS MADE; however,** Plaintiff shall have an additional forty-five (45) days from the date of this Order, or by November 20, 2026, to serve process on Defendants, failing which the undersigned will recommend dismissal of this cause.

**SO ORDERED**, this, the 6th day of October, 2026.

/s/ Jane M. Virden

**UNITED STATES MAGISTRATE JUDGE**